IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERRN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | CHAPTER 11 |
| MARONDA HOMES, INC., | BANKRUPTCY No.:  11-22418-JKF |
| Debtor. | |

## NOTICE OF TRANSFER OF CLAIM

Pursuant to Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, Midtown

Acquisition GP LLC and Grace Bay Holdings II, LLC (together, the "Transferees"), and Bank of

America, N.A., in its capacity as Administrative Agent for the banks identified in the Proof of

Claim filed on August 15, 2011 ("BofA"), hereby provide notice and evidence of the transfer to

Transferees of the claim of Comerica Bank ("Transferor") identified in the Proof of Claim.

Evidence of said transfers is attached hereto as Exhibit A.

The address of Transferor is as follows:

Comerica Bank
c/o Victoria Lage
500 Woodward
Detroit, Michigan 48226

This 4th day of October 2011.

/s/ Jeffrey W. Kelley
Jeffrey W. Kelley (GA Bar No. 412296)
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.:(404) 885-3000
Facsimile No.:  (404) 885-3900
E-Mail:  jeffrey.kelley@troutmansanders.com

*Counsel for Bank of America, as
Administrative Agent*

[CONTINUED ON NEXT PAGE]

Transferee:
MIDTOWN ACQUISITIONS L.P.,
 Co-Successor to Comerica Bank

> Managing Member
> 65 East 55th Street, 19th Floor
> New York, New York 10022

Transferee:
GRACE BAY HOLDINGS II, LLC,
 Co-Successor to Comerica Bank

> c/o Adam Schimel
> H.I.G. Bayside Capital
> 1450 Brickell Avenue, 31st Floor
> Miami, Florida 33131

# EXHIBIT A

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (this "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between the Assignor identified in item 1 below (the "Assignor") and the Assignee identified in item 2 below (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit Agreement identified below (the "Credit Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the respective facilities identified below (including, without limitation, the Letters of Credit and the Swing Line Loans included in such facilities) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including, but not limited to, contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned by the Assignor to the Assignee pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Each such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor.

| | | |
|---|---|---|
| 1. | Assignor: | WELLS FARGO BANK, NATIONAL ASSOCIATION |
| 2. | Assignee: | GRACE BAY HOLDINGS II, LLC |
| 3. | Borrowers: | Maronda, Inc.; Maronda Homes, Inc.; Maronda Homes, Inc. of Florida; Maronda Homes Inc. of Georgia; Maronda Homes, Inc. of Ohio; Maronda Homes of Cincinnati, LLC; Leafy Dell, LLC; Curtis Farms, LLC; Twin Lakes Holdings, LLC; Sussex Place, LLC; Autumn Grove, LLC; and Showcase Properties, Inc. |
| 4. | Administrative Agent: | Bank of America, N.A., as the administrative agent under the Credit Agreement |
| 5. | Credit Agreement: | Amended and Restated Revolving Credit Agreement, dated as of March 8, 2010, by and among the Borrowers, the Lenders from time to time party thereto, and Bank of America, N.A., as Administrative Agent, L/C Issuer, and Swing Line Lender |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Commitment for all Lenders | Amount of Commitment Assigned | Percentage Assigned of Commitment[1] | CUSIP Number |
|---|---|---|---|---|
| Commitment | $97,557,111.72 | $1,121,346.05 | 1.149425224% | N/A |

Effective Date: _August 22_, 2011

*[The balance of this page is intentionally left blank]*

---

[1] Set forth, to at least 9 decimals, as a percentage of the Commitment of all Lenders thereunder.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By: _____

Name:   Katherine L. Stewart
Title:   Authorized Signatory

ASSIGNEE

GRACE BAY HOLDINGS II, LLC

By: _____

Name: _____

Title: _____

Accepted:

BANK OF AMERICA, N.A.,
as Administrative Agent

By: _____

Name: _____DAVID N. FISCHER_____

Title: _____VICE PRESIDENT_____


Consented to and Accepted:

BANK OF AMERICA, N.A.,
as Swing Line Lender, and L/C Issuer

By: _____

Name: _____DAVID N. FISCHER_____

Title: _____VICE PRESIDENT_____

*ANNEX 1 TO ASSIGNMENT AND ASSUMPTION*

STANDARD TERMS AND CONDITIONS FOR
ASSIGNMENT AND ASSUMPTION

1.    Representations and Warranties.

1.1    Assignor. The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Credit Agreement or any other Loan Document, (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Documents or any collateral thereunder, (iii) the financial condition of the Borrower, any of its Subsidiaries or Affiliates or any other Person obligated in respect of any Loan Document or (iv) the performance or observance by the Borrower, any of its Subsidiaries or Affiliates or any other Person of any of their respective obligations under any Loan Document.

1.2.    Assignee. The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby and to become a Lender under the Credit Agreement, (ii) it meets all the requirements to be an assignee under Section 10.06(b)(iii), (v) and (vi) of the Credit Agreement (subject to such consents, if any, as may be required under Section 10.06(b)(iii) of the Credit Agreement), (iii) from and after the Effective Date, it shall be bound by the provisions of the Credit Agreement as a Lender thereunder and, to the extent of the Assigned Interest, shall have the obligations of a Lender thereunder, (iv) it is sophisticated with respect to decisions to acquire assets of the type represented by the Assigned Interest and either it, or the Person exercising discretion in making its decision to acquire the Assigned Interest, is experienced in acquiring assets of such type, (v) it has received a copy of the Credit Agreement, and has received or has been accorded the opportunity to receive copies of the most recent financial statements delivered pursuant to Section 6.01 thereof, as applicable, and such other documents and information as it deems appropriate to make its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, (vi) it has, independently and without reliance upon the Administrative Agent or any other Lender and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, and (vii) if it is a Foreign Lender, attached hereto is any documentation required to be delivered by it pursuant to the terms of the Credit Agreement, duly completed and executed by the Assignee; and (b) agrees that (i) it will, independently and without reliance upon the Administrative Agent, the Assignor or any other Lender, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Loan Documents are required to be performed by it as a Lender.

2.    Payments. From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignor for amounts which have accrued to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date.

3.    Invoices. From and after the Effective Date, the Administrative Agent shall send

all invoices due in respect of the Assigned Interest, to the Assignee at the address for notices on file with the Administrative Agent. Assignee shall pay such invoices in accordance with the terms of the Credit Agreement.

        4.      <u>General Provisions. This Assignment and Assumption shall be binding upon, and</u> inure to the benefit of, the parties hereto and their respective successors and assigns. This Assignment and Assumption may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment and Assumption by telecopy shall be effective as delivery of a manually executed counterpart of this Assignment and Assumption. This Assignment and Assumption shall be governed by, and construed in accordance with, the law of the State of New York.

        5.      Assignor represents and warrants that Assignor has consented to Request for Approval dated June 30, 2011 regarding Term Sheet (as defined in the Request for Approval). As of the Effective Date, Assignee hereby reaffirms Assignor's consent with respect itself and hereby consents with respect to the terms and conditions contained in the Term Sheet and support of a Plan of Reorganization that proposes, among other things, treatment for the Lenders consistent with the Term Sheet, and the election of each of the Lenders to participate in the exit financing described in the Term Sheet.

<em>[End of Annex 1 to Assignment and Assumption]</em>

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (this "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between the Assignor identified in item 1 below (the "Assignor") and the Assignee identified in item 2 below (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit Agreement identified below (the "Credit Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the respective facilities identified below (including, without limitation, the Letters of Credit and the Swing Line Loans included in such facilities) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including, but not limited to, contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned by the Assignor to the Assignee pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Each such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor.

| | | |
|---|---|---|
| 1. | Assignor: | WELLS FARGO BANK, NATIONAL ASSOCIATION |
| 2. | Assignee: | MIDTOWN ACQUISITIONS L.P. |
| 3. | Borrowers: | Maronda, Inc.; Maronda Homes, Inc.; Maronda Homes, Inc. of Florida; Maronda Homes Inc. of Georgia; Maronda Homes, Inc. of Ohio; Maronda Homes of Cincinnati, LLC; Leafy Dell, LLC; Curtis Farms, LLC; Twin Lakes Holdings, LLC; Sussex Place, LLC; Autumn Grove, LLC; and Showcase Properties, Inc. |
| 4. | Administrative Agent: | Bank of America, N.A., as the administrative agent under the Credit Agreement |
| 5. | Credit Agreement: | Amended and Restated Revolving Credit Agreement, dated as of March 8, 2010, by and among the Borrowers, the Lenders from time to time party thereto, and Bank of America, N.A., as Administrative Agent, L/C Issuer, and Swing Line Lender |

6.      Assigned Interest:

| Facility Assigned | Aggregate Amount of Commitment for all Lenders | Amount of Commitment Assigned | Percentage Assigned of Commitment[1] | CUSIP Number |
|---|---|---|---|---|
| Commitment | $97,557,111.72 | $1,121,346.04 | 1.149425214% | N/A |

Effective Date: __August  22__, 2011

*[The balance of this page is intentionally left blank]*

---

[1] Set forth, to at least 9 decimals, as a percentage of the Commitment of all Lenders thereunder.

The terms set forth in this Assignment and Assumption are hereby agreed to:

ASSIGNOR

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By: _____

Name:   Katherine L. Stewart
Title:   Authorized Signatory

ASSIGNEE

MIDTOWN ACQUISITIONS L.P.
BY: MIDTOWN ACQUISITIONS GP LLC

By: _____
Name: _____
Title: _____

Consented to and Accepted:

BANK OF AMERICA, N.A.,
as Administrative Agent

By: _____

Name: _____DAVID N. FISHER_____

Title: _____VICE PRESIDENT_____


Consented to and Accepted:

BANK OF AMERICA, N.A.,
as Swing Line Lender, and L/C Issuer

By: _____

Name: _____DAVID N. FISHER_____

Title: _____VICE PRESIDENT_____

*ANNEX 1 TO ASSIGNMENT AND ASSUMPTION*

STANDARD TERMS AND CONDITIONS FOR
ASSIGNMENT AND ASSUMPTION

1.    Representations and Warranties.

1.1    Assignor. The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Credit Agreement or any other Loan Document, (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Documents or any collateral thereunder, (iii) the financial condition of the Borrower, any of its Subsidiaries or Affiliates or any other Person obligated in respect of any Loan Document or (iv) the performance or observance by the Borrower, any of its Subsidiaries or Affiliates or any other Person of any of their respective obligations under any Loan Document.

1.2.    Assignee. The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby and to become a Lender under the Credit Agreement, (ii) it meets all the requirements to be an assignee under Section 10.06(b)(iii), (v) and (vi) of the Credit Agreement (subject to such consents, if any, as may be required under Section 10.06(b)(iii) of the Credit Agreement), (iii) from and after the Effective Date, it shall be bound by the provisions of the Credit Agreement as a Lender thereunder and, to the extent of the Assigned Interest, shall have the obligations of a Lender thereunder, (iv) it is sophisticated with respect to decisions to acquire assets of the type represented by the Assigned Interest and either it, or the Person exercising discretion in making its decision to acquire the Assigned Interest, is experienced in acquiring assets of such type, (v) it has received a copy of the Credit Agreement, and has received or has been accorded the opportunity to receive copies of the most recent financial statements delivered pursuant to Section 6.01 thereof, as applicable, and such other documents and information as it deems appropriate to make its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, (vi) it has, independently and without reliance upon the Administrative Agent or any other Lender and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, and (vii) if it is a Foreign Lender, attached hereto is any documentation required to be delivered by it pursuant to the terms of the Credit Agreement, duly completed and executed by the Assignee; and (b) agrees that (i) it will, independently and without reliance upon the Administrative Agent, the Assignor or any other Lender, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Loan Documents are required to be performed by it as a Lender.

2.    Payments. From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignor for amounts which have accrued to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date.

3.     Invoices. From and after the Effective Date, the Administrative Agent shall send all invoices due in respect of the Assigned Interest, to the Assignee at the address for notices on file with the Administrative Agent. Assignee shall pay such invoices in accordance with the terms of the Credit Agreement.

4.     General Provisions. This Assignment and Assumption shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. This Assignment and Assumption may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment and Assumption by telecopy shall be effective as delivery of a manually executed counterpart of this Assignment and Assumption. This Assignment and Assumption shall be governed by, and construed in accordance with, the law of the State of New York.

5.     Assignor and Assignee acknowledge and agree that Assignor has previously consented to Request for Approval dated June 30, 2011 regarding Term Sheet (as defined in the Request for Approval). Assignee hereby reaffirms the prior consent and approval of Assignor and hereby does consent with respect to the terms and conditions contained in the Term Sheet and support of a Plan of Reorganization that proposes treatment for the Lenders consistent with the Term Sheet, and the election of each of the Lenders to participate in the exit financing described in the Term Sheet.

*[End of Annex 1 to Assignment and Assumption]*

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (this "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between the Assignor identified in item 1 below (the "Assignor") and the Assignee identified in item 2 below (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit Agreement identified below (the "Credit Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the respective facilities identified below (including, without limitation, the Letters of Credit and the Swing Line Loans included in such facilities) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including, but not limited to, contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned by the Assignor to the Assignee pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Each such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor.

| | | |
|---|---|---|
| 1. | Assignor: | COMERICA BANK |
| 2. | Assignee: | WELLS FARGO BANK, NATIONAL ASSOCIATION |
| 3. | Borrowers: | Maronda, Inc.; Maronda Homes, Inc.; Maronda Homes, Inc. of Florida; Maronda Homes Inc. of Georgia; Maronda Homes, Inc. of Ohio; Maronda Homes of Cincinnati, LLC; Leafy Dell, LLC; Curtis Farms, LLC; Twin Lakes Holdings, LLC; Sussex Place, LLC; Autumn Grove, LLC; and Showcase Properties, Inc. |
| 4. | Administrative Agent: | Bank of America, N.A., as the administrative agent under the Credit Agreement |
| 5. | Credit Agreement: | Amended and Restated Revolving Credit Agreement, dated as of March 8, 2010, by and among the Borrowers, the Lenders from time to time party thereto, and Bank of America, N.A., as Administrative Agent, L/C Issuer, and Swing Line Lender |

6.    Assigned Interest:

| Facility Assigned | Aggregate Amount of Commitment for all Lenders | Amount of Commitment Assigned | Percentage Assigned of Commitment[1] | CUSIP Number |
|---|---|---|---|---|
| Commitment | $97,557,111.72 | $2,242,692.09 | 2.298850438% | N/A |

Effective Date: _August 22_____ , 2011

*[The balance of this page is intentionally left blank]*

---

[1] Set forth, to at least 9 decimals, as a percentage of the Commitment of all Lenders thereunder.

The terms set forth in this Assignment and Assumption are hereby agreed to:

<u>ASSIGNOR</u>

COMERICA BANK

By: _____

Name: _Sarah R. Miller_____

Title: _Vice President_____

<u>ASSIGNEE</u>

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By: _____

Name:  Katherine L. Stewart
Title:   Authorized Signatory

Accepted:

BANK OF AMERICA, N.A.,
as Administrative Agent

By: _____

Name: _____ DAVID  H.  FISCHER _____

Title: _____ VICE  PRESIDENT _____

Consented to and Accepted:

BANK OF AMERICA, N.A.,
as Swing Line Lender, and L/C Issuer

By: _____

Name: _____ DAVID  H.  FISCHER _____

Title: _____ VICE  PRESIDENT _____

*ANNEX 1 TO ASSIGNMENT AND ASSUMPTION*

STANDARD TERMS AND CONDITIONS FOR
ASSIGNMENT AND ASSUMPTION

1.    Representations and Warranties.

1.1    Assignor. The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Credit Agreement or any other Loan Document, (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Documents or any collateral thereunder, (iii) the financial condition of the Borrower, any of its Subsidiaries or Affiliates or any other Person obligated in respect of any Loan Document or (iv) the performance or observance by the Borrower, any of its Subsidiaries or Affiliates or any other Person of any of their respective obligations under any Loan Document.

1.2.    Assignee. The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby and to become a Lender under the Credit Agreement, (ii) it meets all the requirements to be an assignee under Section 10.06(b)(iii), (v) and (vi) of the Credit Agreement (subject to such consents, if any, as may be required under Section 10.06(b)(iii) of the Credit Agreement), (iii) from and after the Effective Date, it shall be bound by the provisions of the Credit Agreement as a Lender thereunder and, to the extent of the Assigned Interest, shall have the obligations of a Lender thereunder, (iv) it is sophisticated with respect to decisions to acquire assets of the type represented by the Assigned Interest and either it, or the Person exercising discretion in making its decision to acquire the Assigned Interest, is experienced in acquiring assets of such type, (v) it has received a copy of the Credit Agreement, and has received or has been accorded the opportunity to receive copies of the most recent financial statements delivered pursuant to Section 6.01 thereof, as applicable, and such other documents and information as it deems appropriate to make its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, (vi) it has, independently and without reliance upon the Administrative Agent or any other Lender and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest, and (vii) if it is a Foreign Lender, attached hereto is any documentation required to be delivered by it pursuant to the terms of the Credit Agreement, duly completed and executed by the Assignee; and (b) agrees that (i) it will, independently and without reliance upon the Administrative Agent, the Assignor or any other Lender, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Loan Documents are required to be performed by it as a Lender.

2.    Payments. From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignor for amounts which have accrued to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date.\

3.      Invoices. From and after the Effective Date, the Administrative Agent shall send all invoices due in respect of the Assigned Interest, to the Assignee at the address for notices on file with the Administrative Agent. Assignee shall pay such invoices in accordance with the terms of the Credit Agreement.

4.      General Provisions. This Assignment and Assumption shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns. This Assignment and Assumption may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment and Assumption by telecopy shall be effective as delivery of a manually executed counterpart of this Assignment and Assumption. This Assignment and Assumption shall be governed by, and construed in accordance with, the law of the State of New York.

5.      Assignor represents and warrants that Assignor has consented to Request for Approval dated June 30, 2011 regarding Term Sheet (as defined in the Request for Approval). As of the Effective Date, Assignee hereby reaffirms Assignor's consent with respect itself and hereby consents with respect to the terms and conditions contained in the Term Sheet and support of a Plan of Reorganization that proposes, among other things, treatment for the Lenders consistent with the Term Sheet, and the election of each of the Lenders to participate in the exit financing described in the Term Sheet.

*[End of Annex 1 to Assignment and Assumption]*

## CERTIFICATE OF SERVICE

This is to certify that, on the 4th day of October 2011, I have served the following parties with a copy of the foregoing *Notice of Transfer of Claim* via first class mail, postage prepaid and/or by the court using the CM/ECF system to the following:

<u>Via First Class Mail</u>:

Comerica Bank
c/o Victoria Lage
500 Woodward
Detroit, Michigan 48226

<u>Via CM/ECF</u>:

James G. McLean, Esq.
Manion McDonough & Lucas, P.C.
Suite 1414, U.S. Steel Tower
600 Grant Street
Pittsburgh, PA 15219

<u>Via CM/ECF</u>:

Joseph M. Fornari Jr
U.S. Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

This 4th day of October 2011.

*/s/ Jeffrey W. Kelley*
Jeffrey W. Kelley (GA Bar 412296)

2316341v1