UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MARONDA HOMES, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 11-22418 (JKF)<br>Jointly Administered |
| IN RE:<br><br>MARONDA HOMES, INC. OF OHIO,<br><br>      Debtor. | Chapter 11<br><br>Case No. 11-22422 (JKF) |
| IN RE:<br><br>MARONDA HOMES OF CINCINATTI, LLC.,<br><br>      Debtor. | Chapter 11<br><br>Case No. 11-22424 (JKF) |
| MARONDA HOMES, INC., et al.,<br><br>      Movants,<br><br>v.<br><br>NO RESPONDENT. | Related to Doc. Nos. 117 and 118<br><br>Hearing Date: October 28, 2011<br>Hearing Time: 9:00 a.m. |

**<u>OBJECTION TO APPROVAL OF DEBTORS'</u>**
**<u>DISCLOSURE STATEMENT</u>**

Fifth Third Bank, by and through its undersigned counsel, files this Objection to Approval of Debtors' Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization Dated August 12, 2011 (hereinafter, the "Objection"), and in support thereof represents as follows:

## I. PRELIMINARY STATEMENT

In order for this Honorable Court to approve Debtors' Disclosure Statement to Accompany Debtors' Joint Chapter 11 Plan of Reorganization Dated August 12, 2011 (hereinafter, the "Disclosure Statement"), the Court must determine that the Disclosure Statement provides adequate information to each impaired class of creditors to allow such creditors to make an informed decision whether to vote in favor of or against confirmation of the Debtor's Join Chapter 11 Plan of Reorganization Dated August 12, 2011 (the "Joint Plan"). Because Debtors have failed to include adequate information in their Disclosure Statement, the Court should deny approval at this time.

## II. BACKGROUND

1. Maronda Homes, Inc., Maronda Homes, Inc. of Ohio, and Maronda Homes of Cincinnati, LLC (collectively, the "Debtors") each filed a voluntary chapter 11 bankruptcy petition on April 18, 2011. The cases are jointly administered at Bankr. Case No. 11-22418.

2. Each Debtor continues to operate its business as a debtor-in-possession.

3. On August 12, 2011, Debtors filed their Joint Plan (Doc. No. 118), along with an accompanying Disclosure Statement (Doc. No. 117).

4. Prior to the commencement of the case, the Debtors executed and are party to that certain Amended and Restated Revolving Credit Agreement Dated as of March 18, 2010 (the "Revolving Credit Agreement), with Bank of America acting as the Administrative Agent for fourteen (14) lenders participating in the lender group (collectively the "Secured Lenders"). Fifth Third Bank, the objector herein, is a member of the Secured Lender class and has a secured claim in the amount of $ 4,342,813.41.

5. The Joint Plan places all Secured Lenders in the same class.

6. Pursuant to a proof of claim filed by Bank of America on behalf of the Secured Lenders at claim number 16, and according to the Debtors' schedules, Fifth Third's claim and the claims of the Secured Lenders are fully secured by a portion of the Debtors' real property.

7. However, despite being fully secured the Debtors' Joint Plan proposes to pay the Secured Lender less than the full amount of their claims. Perhaps even more audacious is the fact that while attempting to force this extraordinary result on the Secured Lenders the Disclosure Statement provides scant information on virtually every relevant inquiry.

### III. OBJECTIONS TO THE DISCLOSURE STATEMENT

**A. THE DISCLOSURE STATEMENT FAILS TO PROVIDE ADEQUATE INFORMATION AS REQUIRED BY 11 U.S.C. § 1125 TO ALLOW FIFTH THIRD BANK TO MAKE AN INFORMED JUDGMENT ABOUT THE PROPOSED PLAN AND WHETHER TO VOTE IN FAVOR OF OR AGAINST THE PLAN.**

8. Under § 1125 of the Bankruptcy Code, the "general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against the plan." In re Phoenix Petroleum Co., 278 B.R. 385, 392-93 (Bankr. E.D.Pa. 2001) (citations omitted).

9. "Adequate information" is defined in § 1125(a)(1) as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan
> . . . .

11 U.S.C. § 1125(a)(1).

10. The bankruptcy court has much discretion in determining whether a disclosure statement provides adequate information and the decision should be made subjectively on a case-by-case basis. Phoenix Petroleum, 278 B.R. at 393 (citations omitted).

11. The debtor has the responsibility of providing adequate information as determined by the bankruptcy court prior to soliciting approval of a proposed plan of reorganization, and until a disclosure statement is approved by the court and distributed to creditors of a bankrupt debtor, no solicitation of acceptance or rejection of a plan is permitted:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. . . .

11 U.S.C. § 1125(b).

12. Fifth Third Bank's claim is impaired under the Joint Plan. The Disclosure Statement and the proposed Joint Plan both indicate that Fifth Third Bank's fully secured claim will not be paid in full if Fifth Third Bank chooses not to participate in exit financing.

13. As an impaired creditor, Fifth Third Bank is clearly entitled to receive adequate information in order to make an informed decision regarding acceptance of the Plan.

14. Numerous court's interpreting § 1125 of the Bankruptcy Code analyze non-inclusive list of nineteen facts which may be relevant for considering the adequacy of a disclosure statement:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7

liquidation; (9) the accounting method utilized to produce financial information and then name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' fees and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with the affiliates.

In re U.S. Brass Corp., 194 B.R. 420, 424-25 (Bankr. E.D.Tex. 1996).

### a. The Disclosure Statement lacks a sufficient description of the anticipated future of the Debtors, as well as the source of such information.

15. The Disclosure Statement's description of the anticipated future of the Debtors is extremely vague and uninformative. Rather than provide detailed information of business plans or goals the Debtors simply state that: "Debtors will emerge from bankruptcy and continue in business with a revised credit agreement in place with most or all of its lenders" (Disclosure Statement, Doc. No. 117, at 3). The Debtors' provide virtually zero analysis of whether it is feasible that the Debtors' can meet their obligations. Furthermore, Debtors do not cite the source of this information and opinion as required by Local Bankruptcy Form No. 13.

### b. The Disclosure Statement fails to specifically identify the status of any executory contracts.

16. Local Form No. 13 also asks the Debtors to identify all executory contracts that are to be assumed or assumed and assigned. Debtor merely states that "all executory contracts of all of the Debtors not previously assumed or rejected prior to the Effective Date will be assumed on the Effective Date." However, such a general statement does not provide creditors such as

5

Fifth Third Bank, which is also party to unexpired leases with the Debtor, with the identity of all executory contracts to be assumed or rejected and thus cannot be considered adequate.

### c. The Disclosure Statement provides no description of the available assets and their value.

17. Courts have also required a disclosure statement to include a complete description of the available assets and their value. In response to this question in the Disclosure Statement, Debtors note that:

> Except for sales of property or other disposition of assets in the ordinary course, including sales of constructed dwelling units during the bankruptcy cases and parcels of real estate or lots acquired in ordinary course pursuant to existing agreements, each Debtor continues to own those assets identified on Schedule A and B of the respective Schedules filed by each Debtor listing assets as of the Petition Date. The Secured Lenders (the only class of creditors other than Equity entitled to vote on the Plan) have been provided with regular and updated financial information and appraisals (including as to assets, property acquisitions and asset dispositions) throughout the bankruptcy cases.

Doc. No. 117, at 10. While the Secured Lenders may have received financial information throughout the course of these proceedings, this does not absolve the Debtors of the duty to provide financial information regarding assets, property acquisitions and asset dispositions in the Disclosure Statement. Debtors have blatantly failed to do so.

18. The Disclosure Statement inadequately lists the assets of the Debtors, and, importantly, lacks any information regarding the assets of the non-Debtors who are borrowers under the Revolving Credit Agreement. As explained in more detail *infra*, any unencumbered assets of the Debtors and the non-Debtors can be used to pay creditors, specifically including the claims of the Secured Lenders who do not participate in the Exit Facility.

19. The Disclosure Statement includes no information regarding the status of the personal property of the Debtors – i.e. which personal property is unencumbered and available to the estate to pay creditors and the value thereof.

> **d. The Disclosure Statement contains inadequate information regarding the proposed treatment of Secured Lenders who elect not to participate in the Exit Facility.**

20. With regard to a summary of the Joint Plan and proposed treatment of each class of creditors, the Disclosure Statement lacks any explanation or description of the treatment of a Secured Lender that chooses not to participate in the Exit Facility. This fact alone indicates that the information provided in the Disclosure Statement is inadequate under § 1125. For example, the Disclosure Statement fails to provide any projection of the rate at which the collateral will be sold to pay off the claims of the non-participant Secured Lenders. Additionally, the Disclosure Statement offers no indication of what would occur in an instance where Fifth Third Bank's claim is not paid within the three year period as described in the Plan. Thus, because such information is lacking, Secured Lenders such as Fifth Third Bank cannot make an informed decision on whether or not to vote to accept the Plan.

21. The Debtors contend that the Secured Lenders, including Fifth Third Bank, are already in possession of a "detailed level of information" and that such information is "far more than the information customarily required to be provided in the Disclosure Statement," (Doc. 116, at 3, ¶ 8). However, even if such contention is accurate (which Fifth Third disputes), the Bankruptcy Code nonetheless requires this information be included in the Disclosure Statement. Prior access to such information does not satisfy the "adequate information" requirement of § 1125 of the Bankruptcy Code. See In re Adana Mortg. Bankers, Inc., 14 B.R. 29, 30 (Bankr. N.D. Ga. 1981) (holding that, where the Disclosure Statement provided no financial information,

data, valuations, or projections relevant to the determination by the Creditors of whether to accept or reject Debtor's Plan as required under Section 1125 to constitute "adequate information," debtor was in error in arguing that such information is unnecessary because these sophisticated, highly informed creditors as to Debtor's business have "ability to obtain such information from sources other than the disclosure statement required").

      **e. The Disclosure Statement lacks adequate information regarding all aspects of the financial status of the Debtors.**

22. The Disclosure Statement is devoid of any meaningful description of the financial condition and performance of the Debtors as debtors-in-possession, an adequate description of the accounting and valuation methods used to produce the financial information in the disclosure statement, a breakdown of the administrative expenses (e.g., attorneys' fees vs. accountants' fees vs. U.S. Trustee fees), the actual or projected value that can be obtained from avoidable transfers (if applicable), the tax consequences of the Plan, and the relationship of the Debtors with non-debtor affiliates.

23. One of the most important pieces of information that is blatantly excluded from the Disclosure Statement is information relevant to the risks being taken by creditors and interest holders. Fifth Third Bank contends that it must be able to evaluate that information in order to make an informed decision regarding its vote.

      **f. The Disclosure Statement does not address any potential litigation threatened against Bank of America, as Administrative Agent under the Revolving Credit Agreement, and Fifth Third Bank, as a principal.**

24. Debtors fail to include any information regarding a potential lawsuit that Debtors have threatened to pursue against the Secured Lenders for lender liability. Debtor merely states that "[a]ssuming confirmation of the Plan and release of claims against Lenders, no additional litigation [is] contemplated by [the] Plan." Doc. No. 117, at 17. The alleged Lender Liability

claim arises from Bank of America's actions as agent for the Secured Lenders. Fifth Third Bank believes that this claim has absolutely no merit and the Debtors' merely raise the specter of litigation without taking the time to provide basic facts regarding the nature of the claim and its alleged value. The Court cannot allow a Chapter 11 Debtor to make wild allegations as a basis of violating the provisions of bankruptcy code.

### g. The Disclosure Statement inadequately describes the estimated return to creditors under Chapter 7 liquidation.

25. While the Debtors attempt to provide a lengthy explanation of why liquidation under Chapter 7 is inferior to reorganization under Chapter 11, such description is devoid of any concrete numbers to indicate the estimated return after the disposal of assets in liquidation.

26. The unencumbered assets of the Debtors and non-Debtors, who are borrowers under the Revolving Credit Agreement and whose assets should be included in a Chapter 7 liquidation analysis, will almost certainly pay the claims of non-participating Secured Lenders in full. However, virtually no meaningful information is included in the Disclosure Statement regarding liquidation of assets and value so a creditor can make any informed decision regarding its participation in the Plan, or even in the Exit Facility.

27. Finally, the Disclosure Statement provides no evidence or support for the proposition that a Secured Lender opting not to participate in the Exit Facility would receive less value for its claim under liquidation than from electing to participate in the Exit Facility and consequently receiving a 12% reduction in its claim value.

**WHEREFORE**, Fifth Third Bank respectfully requests that this Honorable Court sustain the Objections of Fifth Third Bank to Debtors' Disclosure Statement to Accompany Debtors

Joint Chapter 11 Plan of Reorganization Dated August 12, 2011; enter an order denying approval of the Disclosure Statement; and grant such other relief as is just and proper.

        Respectfully submitted,

        BERNSTEIN LAW FIRM, P.C.

        By: /s/ Kirk B Burkley
        Kirk B Burkley, Esq.
        PA I.D. #89511
        kburkley@bernsteinlaw.com
        Suite 2200, Gulf Tower
        Pittsburgh, PA 15219
        (412) 456-8108
        Fax: (412) 456-8289

        Counsel for Fifth Third Bank

Dated: October 14, 2011