UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MARONDA HOMES, INC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 11-22418 (JKF)<br>Jointly Administered |
| IN RE:<br><br>MARONDA HOMES, INC. OF OHIO,<br><br>    Debtor. | Chapter 11<br><br>Case No. 11-22422 (JKF) |
| IN RE:<br><br>MARONDA HOMES OF CINCINATTI, LLC.,<br><br>    Debtor. | Chapter 11<br><br>Case No. 11-22424 (JKF) |
| MARONDA HOMES, INC., et al.,<br><br>    Movants,<br><br>v.<br><br>NO RESPONDENT. | Related to Doc. No. 161 |

## FIFTH THIRD BANK'S OBJECTION TO DEBTORS' REPORT OF BALLOTING AND REQUEST TO DESIGNATE VOTES IN FAVOR OF PLAN AS INEFFECTIVE

Fifth Third Bank, by and through its undersigned counsel, files this *Objection to Debtors' Report of Balloting and Request to Designate Votes in Favor of Plan as Ineffective*, and in support thereof represents as follows:

## BACKGROUND

1. Maronda Homes, Inc., Maronda Homes, Inc. of Ohio, and Maronda Homes of Cincinnati, LLC (collectively, the "Debtors") each filed a voluntary chapter 11 bankruptcy petition on April 18, 2011. The cases are jointly administered at Bankr. Case No. 11-22418.

2. Each Debtor continues to operate its business as a debtor-in-possession.

3. On August 12, 2011, Debtors filed its Plan (Doc. No. 118), along with an accompanying Disclosure Statement (Doc. No. 117).

4. The Plan creates five (5) classifications of claims and interests:

   i. Class 1 – Secured Lenders Claims

   ii. Class 2 – Other Secured Claims

   iii. Class 3 – Priority Non-Tax Claims

   iv. Class 4 – General Unsecured Claims

   v. Class 5 – Interests

5. Debtors contend that only two (2) classes are entitled to vote on the Plan: Class 1 (the Secured Lenders) and Class 5 (Interests). The Debtors contend that the other classes are unimpaired and, thus, are deemed to have accepted the Plan without a vote.

6. In the *Order of Court Granting Debtors' Motion to Conditionally Approve Disclosure Statement, to Combine Hearing on Disclosure Statement with Hearing on Confirmation of Plan, and Limiting Distribution of Disclosure Statement, Plan and Ballots to Creditors Entitled to Vote Thereon* (hereinafter, the "Order"), the Court stated that "the deadline for return of ballots to Debtors' counsel shall be [October 14], 2011, and the Debtors shall file a Report of Ballots not less than 2 days before the confirmation hearing." Doc. No. 140.

7. On October 14, 2011, at approximately 3:23 p.m., Debtors filed their *Report of Balloting* (hereinafter, the "Report"). Doc. No. 161.

**ARGUMENT**

**I. The Report was filed prematurely and therefore contained an inaccurate summary of balloting.**

8. The Report was filed prematurely as all ballots were not yet received by the Debtor.

9. Debtors admittedly filed their Report of Balloting prior to receipt of all ballots from the Secured Lenders class (Class 1), as the Report states that, with respect to Class 1 Secured Lenders:

> Debtors have received Ballots from 13 out of 14 total members of Class 1, and 12 of the holders of claims in Class 1 have voted to accept the Plan. The votes in favor of accepting the Plan constitute 85.7% in number (12 out of 14) and 88.5% in amount of the claims of this Class. The votes to accept the Plan constitute more than half in number and more than two-thirds of the claims in Class 1. In accordance with 11 U.S.C. § 1126(c), Class 1 has voted to **accept** the Plan.

Doc. No. 161, at 2, ¶ 5(a).

10. Debtors made the assumption that the unfiled final ballot was a vote against confirmation of the Plan.

11. Furthermore, the court-established deadline for a creditor to submit its ballot to the Debtor had not yet passed.

12. Because the Order did not state a precise time and instead set the deadline at October 14, 2011, it is rightly assumed that the deadline in which to file a ballot did not expire until 11:59 p.m. on that date.

3

13. Debtors filed its Report approximately eight and a half hours before the deadline expired.

14. Importantly, based upon the Order, the Debtors did not have to file the Report until two (2) prior to the confirmation hearing, which means that the Report had to be filed by October 26, 2011.

15. Although the Debtors corrected the description of votes in later pleadings, the Debtors filed the Report before receiving all ballots and prior to the deadline imposed by the Court in which a ballot could be submitted, the filed Report was premature and the summary of the Report is incorrect.

**II.    Section 10.01 of the Amended and Restated Revolving Credit Agreement dated March 8, 2010 (hereinafter, the "Credit Agreement"), prohibits the Secured Lenders from voting in favor of the Plan.**

16. Section 10.01 of the Credit Agreement expressly provides that certain amendments to the Credit Agreement may only be made with the written consent of each Lender.

17. Specifically, § 10.01 states that:

> No amendment or waiver of any provision of this Agreement or any other Loan Document, and no consent to any departure by any Borrower therefrom shall be effective unless in writing . . . and each such waiver or consent shall be effectively only in the specific instance and for the specific purpose for which given . . . .

18. Section 10.01(c) provides that the date for payment of principal, interest, fees, or other amounts due to the Lenders may not be postponed or waived with the written consent of each Lender. However, § 13.07 of the Plan postpones the maturity date of the Credit Agreement from March 12, 2012, to March 12, 2014. Because all Secured Lenders, including Fifth Third Bank, did not provide their express written consent to such an amendment to the Credit Agreement, any ballot cast in favor of the Plan violates § 10.01(c) of the Credit Agreement.

19. Section 10.01(d) prohibits Debtors, and non-Debtor Borrowers under the Credit Agreement, from reducing the principal of any loan without the written consent of each Lender directly affected thereby. The Debtors' Plan demands that Fifth Third Bank, by virtue of its decision to opt out of the Exit Facility, suffer a 12% reduction of its claim. Fifth Third Bank did not provide its written consent to such a reduction; thus, any ballot cast in favor of the Plan violates § 10.01(d) of the Credit Agreement.

20. The terms of the Plan, to which the class of Secured Lenders allegedly voted to accept, are facially in violation of numerous subsections of § 10.01. Thus, any ballot cast in favor of the Plan is ineffective and void.

**III. Ballots cast by the Secured Lenders should be disqualified and designated as ineffective because their votes in favor of the Plan were solicited prior to approval of a disclosure statement and not in good faith under § 1126(e).**

21. Section 1125(b) of the Bankruptcy Code provides that:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information . . .

22. Prior to the approval of a Disclosure Statement, the Debtors' cut a deal with Bank of America to purportedly settle the Debtors' alleged claims. Bank of America then solicited approval of that deal and approval of the Plan via a letter and term circulated to the Secured Lenders.

23. On or about July 1, 2011, a Request for Consent was distributed, asking the Secured Lenders to reply to two questions: (1) whether the Secured Lender "consents to and approves the Term Sheet described in [the Request for Approval] . . . and will support and vote

5

for a Plan of Reorganization that proposes treatment for the [Secured Lender] consistent therewith" and (2) whether the Secured Lender "agrees to participate in the exit financing described in the Term Sheet." The Request for Consent is attached hereto as Exhibit A.

24. On or about July 19, 2011, an Approval Deadline Reminder was sent to the Secured Lenders, requesting that a response to the Request for Consent must be given to Bank of America, the Administrative Agent, by July 25, 2011. If such response was not received by that date, a Secured Lender's consent to both questions would be presumed.

25. As stated in Paragraph 23, the Request for Consent specifically asked each Secured Lender to indicate their consent to the following statement:

> The undersigned hereby consents to and approves the Term Sheet described in that certain Request for Approval dated June 30, 2011 from the Administrative Agent (the "Term Sheet"), and will <u>support and vote for a Plan of Reorganization that proposes treatment for the undersigned consistent therewith.</u>

Request for Consent, Exhibit A (emphasis added).

26. Thus, the ballot essentially required each Secured Lender to pledge their promise to vote in favor of the Plan well before the disclosure statement was filed on August 12, 2011 and subsequently approved, conditionally, by this court, in clear violation of 11 U.S.C. § 1125(b). <u>See</u> <u>In re Gilbert</u>, 104 B.R. 206 (Bankr. W.D.Mo. 1989) (an insider of the debtor's expression of "hope" to a creditor that he would vote in favor of the plan constituted a specific request for that creditor's vote in technical violation of § 1125(b)); <u>see</u> <u>also</u>, <u>In re Media Central, Inc.</u>, 89 B.R. 685 (Bankr. E.D.Tenn. 1988) (where debtor has solicited votes, postpetition, on an unfiled plan with no court-approved disclosure statement, such votes are disallowed by the court).

27. The solicitation of the Secured Lenders to submit a ballot opting to participate in or opt out of the Exit Facility in late July 2011 and to support an unfiled plan, violates 11 U.S.C. § 1125(b).

WHEREFORE, Fifth Third Bank respectfully requests that this Honorable Court sustain Fifth Third Bank's *Objection to Debtors' Report of Balloting*, strike the Report from the record, grant Fifth Third Bank's *Request to Designate Votes in Favor of Plan as Ineffective* and determine that any Secured Lender ballot cast in favor of the Plan is void and ineffective.

Respectfully submitted,

BERNSTEIN LAW FIRM, P.C.

By: /s/ Kirk B Burkley
Kirk B Burkley, Esq.
PA I.D. #89511
kburkley@bernsteinlaw.com
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8108
Fax: (412) 456-8289

Counsel for Fifth Third Bank

Dated: October 27, 2011