IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MARONDA HOMES, INC.,<br><br>      Debtor. | Chapter 11<br><br>Case No.  11-22418-JKF<br>(Joint Administration) |
| In re:<br><br>MARONDA HOMES OF OHIO,<br><br>      Debtor. | Chapter 11<br><br>Case No.  11-22422-JKF |
| In re:<br><br>MARONDA HOMES OF CINCINNATI, LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No.  11-22424-JKF<br><br>Hearing Date & Time:<br>**October 28, 2011 at 9:00 a.m.** |

**AMENDED STIPULATION OF FACTS BETWEEN
DEBTORS AND BANK OF AMERICA RE: CONFIRMATION HEARING**

     Debtors and Bank of America, N.A., by and through their undersigned counsel, enter into the following Stipulation of Facts which they agree may be offered in evidence at the October 28, 2011 Confirmation Hearing to be held with respect to the Debtors' Joint Plan of Reorganization (the "Plan"):

     1.     Bank of America, N.A. ("Agent") is both a Lender under, and the Administrative Agent for the other Lenders under and pursuant to, a March 8, 2010 $210 million Amended and Restated Revolving Credit Agreement (the "Revolving Credit Agreement").  The Debtors and other co-Borrower affiliates of the Debtors are indebted to the Lenders (the "Maronda Lenders") under the Revolving Credit Agreement as of the

petition date in the amount set forth in the Proof of Claim filed in these bankruptcy cases by Agent on behalf of itself and the Maronda Lenders on August 15, 2011.

2. As required by the Revolving Credit Agreement, Agent has received monthly and quarterly financial reports from Maronda, Inc. and its subsidiaries ("Maronda") containing detailed information regarding Maronda's assets and liabilities, operating performance, job status and receipts and expenses. These reports continued without interruption after these Chapter 11 cases were commenced on April 18, 2011.

3. The monthly and quarterly financial information together with other information provided by Maronda was placed by Agent on an electronic platform called "IntraLinks" after its receipt from Maronda. All of the Maronda Lenders have access to all of the Maronda information placed on IntraLinks.

4. In addition to the above, in March 2011 Agent ordered independent appraisals of essentially every parcel of real property owned by Maronda on which houses had been built, were being built or could be built in the future. These independent appraisals covered approximately 4,000 houses, building lots, developed land and undeveloped land in five States. The results of these appraisals were placed on IntraLinks and thus have been available to each of the Maronda Lenders.

5. Since October 2010, Agent has engaged in discussions with Maronda aimed at a combination of enforcing the Maronda Lenders' rights and seeking potential solutions to the disputes that existed between the Maronda Lenders and Maronda. During the course of these discussions Agent requested that Maronda provide additional information, including a description of its future plans and its projected

financial performance. Agent recalls that Maronda provided to Agent all information requested on a timely basis, and Agent placed such information on IntraLinks.

6. Agent retained Alvarez & Marsal ("A&M") to provide financial advisory services to the Maronda Lenders. In that capacity, A&M reviewed Maronda's financial information, projections and information relating to Maronda's assets and liabilities. As a part of such services, A&M reviewed the 2011 appraisals obtained by the Maronda Lenders of Maronda's real property. During the course of its services A&M prepared a number of reports and analyses, including an analysis of appraised values for the Debtors' real property on both an "as is" basis and on a liquidation basis. The A&M reports were placed on Intralinks for review by the Maronda Lenders.

7. While Agent had no power or authority to direct the vote of any Lender other than Bank of America itself, Agent communicated with the other Lenders to insure that each met the October 14, 2011 voting deadline set by the Bankruptcy Court on the Plan. Although the Agent was holding some ballots in "escrow" awaiting further direction from Lenders with respect thereto for approximately a week or two prior to the voting deadline, no Lender made any binding commitment to the Agent to vote one way or the other on the Debtors' Joint Plan of Reorganization until just before, and in some cases on, the deadline date.

8. From October 2010 through the present, the Agent conducted numerous conference calls among itself and the Maronda Lenders. Agent estimates that during the last 12 months alone there have been at least 16 such calls (and one in-person meeting), often with legal counsel to the Agent and/or A&M participating to provide information and answer any questions posed by the Lenders. While these calls and the

meeting covered many pertinent subjects, among the subjects discussed were alleged claims that Maronda's counsel had described that Maronda could assert against the Lenders.

9. In addition to the Lender conference calls and the meeting, the Agent participated in individual calls when requested by individual Maronda Lenders to discuss particular matters of importance to the Lender making the request. The Agent cannot recall any occasion where a question posed by a Maronda Lender was not answered or any information requested was not provided either by the Agent, its legal counsel or A&M directly or by requesting the information from Maronda.

10. Agent cannot recall any occasion over the past year where information or documentation requested from Maronda by Agent, A&M or Agent's legal counsel was not provided on a timely basis.

11. Agent is aware that there is a secondary market for the sale and purchase of the positions held by each of the Maronda Lenders. From what the Agent has heard such offers have been at prices well below par, but the offers do provide an opportunity to Lenders to sell and assign for cash their positions under the Revolving Credit Agreement.

12. Assuming the Bankruptcy Court confirms the Plan, after taking into account the treatment specified in Section 5.01(c)(A) of the Plan for Huntington Bank and Fifth Third Bank, who have not opted to be "Exit Facility Lenders" under the Plan, the amount of each Maronda Lender's claim under the Revolving Credit Agreement and each Maronda Lender's Applicable Percentage, as that term is defined in the Revolving Credit Agreement, will be as follows (comprised of $88,886,800 in principal and

$7,291,002 in contingent claims from the letters of credit issued pursuant to the Revolving Credit Agreement):

| | Amount | Applicable Percentage |
|---|---|---|
| Bank of America, N.A. | $ 17,754,647 | 18.4602337% |
| Wells Fargo Bank, N.A. (including former Wachovia Bank, N.A.) | $ 25,417,179 | 26.4272820% |
| PNC Bank, National Association | $ 10,279,007 | 10.6875042% |
| KeyBank National Association | $ 10,279,006 | 10.6875037% |
| Huntington National Bank | $ 5,736,588 | 5.9645656% |
| Fifth Third Bank | $ 4,097,563 | 4.2604038% |
| Regions Bank | $ 4,672,275 | 4.8579561% |
| Midtown Acquisitions, L.P.(as assignee of BMO Capital Markets Financing, Inc. and co-assignee of Comerica Bank) | $ 5,606,730 | 5.8295472% |
| SunTrust Bank, N.A. | $ 3,737,820 | 3.8863650% |
| Compass Bank (as successor to Guaranty) | $ 3,364,038 | 3.4977283% |
| Compass Bank | $ 2,242,692 | 2.3318189% |
| Grace Bay Holdings II, LLC(as assignee of U.S. Bank, N.A. and co-assignee of Comerica Bank) | $ 2,990,256 | 3.I090916% |
| TOTAL………………………….. | $ 96,177,802 | 100.0000000% |

13. The foregoing stipulated facts are based on the information, knowledge and belief of Robert E. Unell, Senior Vice President of Bank of America, N.A., who has

personally supervised Agent's activities with respect to the Revolving Credit Agreement and the Debtors since October 2010.

Respectfully submitted this 26th day of October, 2011:

/s/ Joseph F. McDonough
Joseph F. McDonough, Esquire
Pa. I.D. #19853
jmcdonough@mmlpc.com
James G. McLean, Esquire
Pa. I.D. #37463
jmclean@mmlpc.com
Manion McDonough & Lucas
600 Grant Street, Suite 1414
Pittsburgh, PA 15219

*Counsel for the Debtors*

/s/ Jeffrey Kelley
Jeffrey Kelley, Esquire
jeffrey.kelley@troutmansanders.com
Troutman Sanders
600 Peachtree Street, NE
Suite 5200
Atlanta, GA 30308

*Counsel for Bank of America, N.A., Administrative Agent*