IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankr. Case No. 11-22418 (JKF) |
| | Jointly Administered |
| MARONDA HOMES, INC., | |
| | Chapter 11 |
| Debtor. | |
| | |
| IN RE: | Bankr. Case No. 11-22422 (JKF) |
| | |
| MARONDA HOMES, INC. OF OHIO, | Chapter 11 |
| | |
| Debtor. | |
| | |
| IN RE: | Bankr. Case No. 11-22424 (JKF) |
| | |
| MARONDA HOMES OF CINCINNATI, LLC, | Chapter 11 |
| | |
| Debtor. | |
| | |
| SAMONE MELSON, | Related to Doc. No. 296 [Motion to Reopen Bankruptcy Cases] |
| Movant, | |
| v. | |
| MARONDA HOMES, INC. OF OHIO, | |
| Respondent. | |

### MEMORANDUM OPINION[1]

Before the court is Movant Samone Melson's (hereinafter, the "Movant") Motion to Reopen Bankruptcy Cases for the Limited Purpose of Clarifying the Rights of Samone Melson, a

---

[1] The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

Creditor Holding an Impaired Claim, and Seeking an Order Excepting Mr. Melson's Claim from the Effects of the Order Confirming the Debtor's Plan of Reorganization (hereinafter, the "Motion to Reopen"). Doc. No. 296.

The issue at bench arises solely because of the Debtors' failure to provide the Movant with notice of all relevant proceedings in the above-captioned bankruptcy cases - with the exception of one objection filed to the Movant's proof of claim. In the proof of claim, Mr. Melson expressly requested to receive notice and to be added to the creditor matrix. Without receiving notice of, *inter alia*, the filing of the Debtors' joint plan of reorganization dated August 12, 2011 (hereinafter, the "Plan") and accompanying disclosure statement, the confirmation hearing, and the confirmation order - all of which occurred prior to the adjudication of the objection to the proof of claim - the Movant was deprived of any opportunity to understand the terms of the plan how it may affect his claim. Instead, the Movant was left to justifiably rely on the Debtors' omnibus objection to his proof of claim (hereinafter, the "Objection to Claim"). Contrary to the provisions of the Plan, filed in August 2011, the Objection to Claim, filed almost three months later in November 2011, purports that the claim of the Movant would be liquidated in the pending state court action and paid accordingly.[2] The court relied on this assertion as well when sustaining the Objection to Claim with respect to the Movant.

Movant asks this court for an order reopening the above-captioned bankruptcy cases for the limited purpose of clarifying Movant's rights with respect to his claim and finding that the claim and related state court litigation remain unaffected by either the confirmed Plan, and

---

[2]Also, contradictory with the express language of the Plan, the Objection to Claim did not state that liability would be limited to compensatory damages.

2

accompanying confirmation order, or the discharge pursuant to 11 U.S.C. § 1141. For the reasons below, Movant's Motion to Reopen will be granted for the limited purpose of granting relief to effectuate the liquidation of Movant's claim in the Licking County, Ohio Common Pleas Court.

Background

On or about May 7, 2008, Movant, together with his estranged wife and minor child (collectively, the "Melsons"), filed a civil complaint against Debtor Maronda Homes, Inc. of Ohio (hereinafter, "Maronda Ohio") in the Licking County, Ohio Common Pleas Court (hereinafter, the "Complaint" and the "Licking County Action"). Through the Complaint, the Melsons sought to recover damages - compensatory, punitive and treble in nature - resulting from alleged structural and design deficiencies in Maronda Ohio's construction of the Melsons' residence.[3]

On or about April 18, 2011, Maronda Ohio, along with Maronda Homes, Inc. and Maronda Homes of Cincinnati, LLC (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (hereinafter, the "Bankruptcy Code").[4] The pending Licking County Action was listed on Maronda Ohio's Statement of Financial Affairs; however, the Melsons were not scheduled as creditors on any of the three

---

[3] The nature of the claims asserted against Maronda Ohio by the Melsons in the Complaint include allegations of breach of contract, breach of express warranty, breach of implied warranty, misrepresentation, fraud, negligence, infliction of physical harm and emotional distress, and violations of the Ohio Consumer Sales Practices and Deceptive Trade Practices Act.

[4] While each entity filed an individual bankruptcy petition, the cases were jointly administered at Bankr. No. 11-22418 (JKF).

3

bankruptcy petitions.

On or about July 25, 2011, the Movant filed a proof of claim on the claims register of the Maronda Ohio bankruptcy case. Movant filed an amended proof of claim on August 15, 2011, identifying his claim in the amount of "in excess of $600,000." Attached to the amended proof of claim was a statement addressed to the Clerk of Court, Mr. John Horner, stating as follows:

> As related to my claim amount it has yet to be determined as Maronda filed for bankruptcy 4 months before our trial date for Case # 2008 CV 01702 in Licking County Common Pleas Court was to happen on September 19, 2011. I would like to get on a notification list for the events in Maronda's bankruptcy case and I thought the Proof of Claim was the only way I could achieve that. Thank You.

On or about November 7, 2011, Debtors filed its Objection to Claim. With respect to the Movant's proof of claim, the Objection to Claim asserted that:

> Samone Melson filed Proof of Claim No. 6 in the Maronda Homes Inc. of Ohio (11-22422-JKF) case. [This] Proof[] of Claim relate[s] to pending litigation and the claim[] [is] unliquidated. Subject to confirmation of Debtors' Plan, [this] case[] will be adjudicated in the ordinary course in accordance with the judicial process applicable in the jurisdiction[] where the case[] [is] pending. . . . [A]ny liability will be paid in accordance with the outcome of the adjudication[].

Doc. No. 194, at ¶¶ 018-19.

The Plan was ultimately confirmed by this court on or about December 14, 2011. Again, it is undisputed that Movant did not receive notice or service of the Plan confirmation. The confirmed Plan provided that all holders of General Unsecured Claims, as defined in the Plan, were to receive payment in full upon such claim becoming an Allowed Claim, as defined in the

4

Plan, or as soon thereafter as possible[5] (Plan, § 5.04) and that Disputed Claims, as defined in the Plan, were to be paid after becoming an Allowed Claim. Plan, §§ 1.01 and 5.04. The Plan clarified that Allowed Claims, for distribution purposes, were not to include punitive or treble damages or any other non-compensatory damages that do not compensate for actual losses incurred. Plan, § 1.01. Importantly, the confirmed Plan also contains a provision enjoining the continuation of any ongoing litigation:

> Confirmation of this Plan shall have the effect of, among other things, permanently enjoining all Entities or Persons that have held, hold or may hold or have asserted, assert or may assert Claims against or Interests in the Estates with respect to any such Claim or Interest, from taking any of the following actions (other than actions to enforce any rights or obligations under the Plan): (a) *commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Estates or any of their property* . . . .

Plan, § 11.07 (emphasis added).

On or about January 5, 2012, the Movant's proof of claim was disallowed by the court "on the basis the claim is unliquidated and is the subject of pending litigation that will continue upon confirmation of the Debtors' Plan." Doc. No. 253. Mr. Melson was not aware that the Plan had been confirmed or that it contained provisions that contradicted the information in the Objection to Claim.

As alleged by the Movant in his Brief in Support of Samone Melson's Motion to Reopen

---

[5] Section 5.04 of the Plan governs the classification and treatment of General Unsecured Claims (Class 4), stating that such class is unimpaired by the Plan, that "all holders of Allowed Class 4 Claims are deemed to accept the Plan and are therefore not entitled to vote thereon," and that each holder of an Allowed General Unsecured Claim has either already been paid in full or will receive payment in accordance with the terms of the Plan.

5

Bankruptcy Case, counsel for the Movant received a letter, dated October 8, 2012, from counsel for the Debtor Maronda Ohio noting that the Melsons were prohibited per the express provisions of the Plan from recovering non-compensatory damages with respect to their claim and that, regardless of the damages that could be recovered in the Licking County Action, the Plan enjoined the continuation of any such litigation.

Analysis

While Movant did receive notice of and was served with the Objection to Claim, it is undisputed that he received no notification or service of any other proceeding in the bankruptcy case including, but not limited to, notice of the plan confirmation hearing, which hearing occurred before the Objection to Claim was sustained.

As stated by the Court of Appeals of the Third Circuit in In re Harbor Tank Storage Co., 385 F.2d 111, 115 (3d Cir. 1967), "[t]he reorganization process is dependent on the proper notification to creditors and other interested parties of all important steps in the proceeding so that they may take such steps as necessary to safeguard their interests."

"It is well-settled that a known creditor is entitled to formal notice of impending bankruptcy proceedings." In re Trans World Airlines, Inc., 96 F.3d 687, 690 (3d Cir. 1996) (citing Chemetron Corp. V. Jones, 72 F.3d 341, 346 (3d Cir. 1995)). "This is true even where . . . the creditor has actual knowledge of the pendency of bankruptcy proceedings generally, but is not given formal notice of the confirmation hearing." Trans World Airlines, 96 F.3d at 690 (citing Harbor Tank Storage, 385 F.2d at 114-15). A creditor is considered "known" to the debtor where the debtor either has actual knowledge of the existence of the creditor or, alternatively, where the debtor can identify the creditor through reasonably diligent efforts.

6

Trans World Airlines, 96 F.3d at 690 (citing Chemetron, 72 F.3d at 346).

In the case at bench, there is no question that the identity of the Movant, as a creditor of Maronda Ohio, was or reasonably should have been known to the Debtors. First and foremost, the Movant filed a proof of claim on the claims register of the Maronda Ohio bankruptcy case prior to the expiration of the bar date - and the Debtors filed an objection to this claim. Second, the Movant's state court action was listed on Maronda Ohio's Statement of Financial Affairs. Therefore, as a known creditor, the Movant was entitled to formal notice of all stages of the bankruptcy proceeding.

As stated previously, it is undisputed that the Movant did not receive notice of the confirmation hearing at which this court confirmed the Debtors' Plan. Courts have held that, where a creditor received inadequate notice of a confirmation hearing, the claim of such creditor is not bound by the confirmed plan and, as a result, is not dischargeable. Reliable Elec. Co., Inc. v. Olson Const. Co., 726 F.2d 620, 623 (10th Cir. 1984) (holding that "the discharge of a claim without reasonable notice of the confirmation hearing is violative of the fifth amendment to the United States Constitution") (citing 5 Collier on Bankruptcy Para. 1141.01[b], at 1141-12).

Because the Movant is a known creditor of the Debtors (specifically, Debtor Maronda Ohio) and because the Movant did not receive notice of relevant bankruptcy proceedings including but not limited to the confirmation hearing, Movant's claim is not bound by the confirmed Plan and is not discharged. We must now consider the appropriate remedy available to the Movant.

Pursuant to § 350 of the Bankruptcy Code, a closed bankruptcy case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." The determination of

7

sufficient cause with which to justify the reopening of a bankruptcy case is left to the discretion of the court in light of the facts of a specific case. In re Endlich, 47 B.R. 802, 804 (Bankr. E.D.N.Y. 1985). We find that, based on the fact that the Movant received inadequate notice of the confirmation hearing, just cause exists to reopen the bankruptcy case for the limited purpose as explained in this Memorandum Opinion. Movant's claim is unliquidated as it has yet to be determined in the Licking County Action. Thus, clarification of the effect of the confirmation order as to Mr. Melson's claim is appropriate. While this court does have the authority to *sua sponte* reconsider the allowance or disallowance of the Movant's claim,[6] before any reconsideration of the claim could occur, it is first necessary to allow the state court action to proceed in order to fully liquidate the claim. At that point, reconsideration may not be necessary. Moreover, upon reopening the case, the court may *sua sponte* grant the Movant relief from the automatic stay to allow the Licking County Action to move forward. See, e.g., In re Resource Energy Techs., Inc., 2010 Bankr. LEXIS 193 (Bankr. W.D. Ky. 2010) (granting *sua sponte* relief from stay to the plaintiff and remanding the proceedings to the circuit court for liquidation of plaintiff's claim against the debtor). Again, Movant's claim is not bound by the conditions of the confirmed Plan of the Debtors. Thus, the release language included in the confirmed Plan which enjoins the continuation of all litigation against the Debtors is inapplicable to the Movant in this case.

Further, the liquidation of the Movant's claim is not limited by the Plan provision that

---

[6]"The bankruptcy code allows a court to reconsider an allowed or disallowed claim 'for cause' and provides that such claims may be 'allowed or disallowed according to the equities of the case.' 11 U.S.C. § 502(j). The court's broad remedial powers extend to deciding the procedure necessary to invoke them; the court need not wait for a formal motion and may reconsider a claim sua sponte." In re Kirwan, 164 F.3d 1176 (8th Cir. 1999)

8

excludes from an Allowed Claim, as defined in the Plan, "any non-compensatory penalties, fines, punitive damages, exemplary damages, multiple damages, treble damages or any other claims or obligations that do not compensate for actual losses incurred." See Plan, § 1.01. According to Debtor's assertion, when the Movant's claim is ultimately determined, Debtors will be pay the Movant the amount of the claim as liquidated in the state court action. Thus, if needed, the allowable amount of the claim can be determined hereafter through an objection pursuant to Fed. R. Bankr. P. 3008. In fact, Debtors' statements in the Objection to Claim are contrary to the provisions in the confirmed Plan and are misleading to the Movant insofar as they do not indicate that punitive damages will be determined by the Plan confirmation process and not in the state court litigation. As stated above, the Objection to Claim specifically avers that Movant's case and claim would be "adjudicated upon confirmation of the Plan and any liability [would] be paid in accordance with the outcome of the adjudication[]." Doc. No. 194, ¶ 19. Meanwhile, as quoted in this Memorandum Opinion, § 11.07 of the Plan expressly enjoined all litigation against the Debtors, which would necessarily include the Licking County Action. It can be understood, then, why the Movant operated under the belief that his claim would continue to be litigated in the state court action especially in light of the fact that he had no notification of the filing and subsequent confirmation of the Debtors' Plan. Notably, the Objection to Claim was adjudicated *after* the Plan was filed (and not served on the Movant) and the language of the Objection to Claim cannot be reconciled with the language of the Plan.

Based on the aforementioned analysis, we find that sufficient cause exists to reopen the Debtors' bankruptcy cases for the limited purpose of clarifying the effect of the confirmation order and granting relief from stay to liquidate Movant's claim in the Licking County, Ohio

Common Pleas Court.[7] As such, Movant's Motion to Reopen will be GRANTED to the extent it seeks to reopen the above-captioned bankruptcy cases for such limited purpose. An appropriate order will be entered.

Dated: 3/11/2013
DATE: 10:34:17

Judith K. Fitzgerald
United States Bankruptcy Judge

cjs

---

[7] If a party has an objection to the allowance of the claim after liquidation, such party may object to the claim's allowance pursuant to Rule 3008 of the Federal Rules of Bankruptcy Procedure.

10